Case No. 26-3434

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Theo Stubbs,

Plaintiff-Appellant,

v.

Former Warden Michelle Henry, Individually; Corrections Officer Harrison, Individually and in his Official Capacity, Corrections Officer Krotzer, Individually and in his Official Capacity; Corrections Officer Jordan, Individually and in his Official Capacity; Warden TJ Martin, in his Official Capacity,

Defendants-Appellees

On Appeal from the United States District Court
For the Northern District of Ohio, Case No. 1:25-cv-02203

# BRIEF OF APPELLEES

Michael C. O'Malley, Prosecuting Attorney
of Cuyahoga County, Ohio

By: Paul M. Shipp (0080794)
PShipp@prosecutor.cuyahogacounty.us
Assistant Cuyahoga County Prosecutor
Cuyahoga County Prosecutor's Office
1200 Ontario St., 8th Floor
Cleveland, OH 44113
Phone: (216) 443-7813
*Counsel for Defendants-Appellees*

**CORPORATE DISCLOSURE AND FINANCIAL INTEREST STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Rule 26.1, Defendants-Appellees make the following statements:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party: NO
2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest: NO

Dated: September 11, 2026

/s/ *Paul M. Shipp*
Paul M. Shipp (0080794)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………...ii, iii

STATEMENT OF ISSUES…………………………………………………...….1

STATEMENT OF THE CASE…………………………………………….....…….2

I. Procedural Facts...……………………………………………..……….2
.
II. Substantive Facts of the Case……………………………………..……......3

Grievances………………..………………………………………...……5

CO Harrison……………………………………………………….…….6

CO Krotzer………………………………………………………………7

CO Jordan……………………………………………….……………….7

Warden Henry…..…………………………………………………….....8

SUMMARY OF THE ARGUMENT.................................................................9

ARGUMENT……………………………………………………………………10

I. Appellant did not sufficiently plead facts to state a claim for retaliation.......12

A. Stubbs engaged in protected conduct, but the Complaint does not plausibly allege that each Defendant acted because of that conduct…......................14

B. Adverse Action……………………………………………………...15

C. Stubbs did not plausibly allege that any individual appellee acted because Of Stubbs' protected conduct……………………………………15

CO Harrison……………………………………………………………..16

CO Krotzer……………………………………………………………17

CO Jordan……………………………………………………………18

i. Mr. Stubbs' new theories on appeal do not establish causation…..18

ii. The authorities upon which Mr. Stubbs relies involve concrete allegations or evidence linking challenged actions to protected conduct……………………………………………………20

D. The Court should not consider the grievances attached to Mr. Stubbs' brief in opposition to the motion for judgment on the pleadings…..………………..21

II. The District Court did not abuse its discretion by dismissing Mr. Stubbs' Retaliation claims with prejudice because he never sought leave to Amend or submitted a proposed amended complaint……………………….24

A. There is no established right to *sua sponte* leave to amend a Complaint…………………………………………………………...28

B. Appellant's new factual narrative is outside the record and does not justify remand for an amendment to the complaint that Mr. Stubbs never sought……………………………………………………………….32

CONCLUSION………………………………………………………………..36

## TABLE OF AUTHORITIES

**Cases**

415 F. App'x 608, 614–16 (6th Cir. 2011) ........................................................ 28, 33
785 F. App'x at 289–91 ..................................................................................33
796 F.2d 879, 881–84 (6th Cir. 1986) ..............................................................29
*Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003 ..............................................32
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .........................................................11
*Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ... 22, 23, 32
*Bates v. Green Farms Condo. Ass'n.*, 958 F.3d 470 ......................................... 21, 22
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) .........................................11
*Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Circ. 2019)..........................................14
*Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 698 (6th Cir. 2018) .....22
Charles A. Wright et al., *Federal Practice and Procedure* § 1357, at 375-76 (3d ed. 2004) ...........................................................................................................22
*Dibiase v. Lake Cty. Det. Facility*, N.D. Ohio No 1:12-CV-0944, 2012 U.S. Dist. LEXIS 104600 at *16-17 (July 25, 2012) ..........................................................16
*Eastman v. Cincinnati Musicians Ass'n, Loc. No. 1*, 151 F. App'x 414, 416 (6th Cir. 2005) ..........................................................................................................22
*EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001)....................10
*Federal Practice and Procedure* § 1368, at 238, 242 (3d ed. 2004) .......................22
*Golf Vill. N., LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021)...................18
*Greene v. Barber*, 310 F.3d 889, at 897 (6th Cir. 2002)..........................................12
*Griffin v. Berghuis*, 563 F. App'x 411, 414 (6th Cir. 2014) ....................................20
*Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) ..........................................10
*Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) ........................................15
*Hardrick v. Huss*, 155 F.4th 518, 526 (6th Cir. 2025).............................................14
*Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993) .....................................24
*Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012) ......................................................................................................................22
*Hill v. Lappin*, 630 F.3d 468, 475–76 (6th Cir. 2010)..............................................17
*Howard v. Livingston County*, No. 21-1689, 2023 FED App. 0048N, 2023 U.S. App. LEXIS 1540, at *3-5 (6th Cir. Jan. 20, 2023) ...................................................21
*Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003) ..........................................................................................................32
*Iqbal*, 556 U.S. at 679 ...........................................................................................11
*Kennedy v. City of Villa Hills*, 635 F.3d 210, 217-218 (6th Cir. 2011)....................12
*Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014)...........24

*Leonard v. Robinson*, 477 F.3d 347, 355 (6th Cir. 2007)........................................12
*Lonergan v. Gallagher Sharp, LLP*, No. 25-3808, 2026 FED App. 0245N, 2026 U.S. App. LEXIS 15547, at *5–7 (6th Cir. May 29, 2026)........................................33
*Lucas v. Chalk*, 785 F. App'x 288, 290 (6th Cir. 2019)........................................11
*Moore's Federal Practice* § 12.34[2], LEXIS........................................23
*Morse v. McWhorter*, 290 F.3d 795, 799–800 (6th Cir. 2002)........................................26
*Muhammad v. Close*, 379 F.3d 413, 417–18 (6th Cir. 2004)........................................20
*Mustin v. Wainwright*, No. 23-3671, 2024 WL 3950810, at *25 (6th Cir., Aug. 27, 2024)........................................17
*National Rifle Association of America v. Vullo*, 602 U.S. 175 (2024)........................................13
*Newberry v. Silverman*, 789 F.3d 636 (6th Cir. 2015)........................................26
*O'Brien v. Michigan Department of Corrections*, 592 F. App'x 338 (6th Cir. 2014)........................................19
*Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 844 (6th Cir. 2012)........................................25
*Ohio Police & Fire Pension Fund*, 700 F.3d at 844........................................27
*Parchman v. SLM Corp.*, 896 F.3d 728, 735–37 (6th Cir. 2018)........................................26
*Paterek v. Village of Armada*, 801 F.3d 630, 647–48 (6th Cir. 2015)........................................21
*Robbins v. New Cingular Wireless* PCS, LLC, 854 F.3d 315, 322 (6th Cir. 2017) .24
*Ross v. PennyMac Loan Servs. LLC*, 761 F. App'x 491, 494 (6th Cir. 2019)........................................22
*Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019)........................................12
*Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001))........................................20
*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)........................................12
*Thaddeus-X*, 175 F.3d at 394........................................14
*Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007)........................................14
*Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008)........................................25
*Total Benefits Planning Agency, Inc.*, 552 F.3d 430, 438........................................35
*Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551–52 (6th Cir. 2008) .27
*United States ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634 (6th Cir. 2003)........................................27
*United States ex rel. Harper v. Muskingum Watershed Conservancy District*, 739 F. App'x 330, 335–36 (6th Cir. 2018)........................................26
*Vartinelli v. Aramark Corr. Servs., LLC*, 796 F. App'x 867, 871-72 (6th Cir. 2019)........................................20
*Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020)........................................32
Wright, *supra*, § 1366, at 150, 155-56........................................23

**Statutes**

42 U.S.C. § 1983 .......... 2, 13, 15

**Rules**

Fed. R. Civ. P. 15(a) .......... 23

## STATEMENT OF ISSUES

I. Whether the District Court correctly dismissed Stubbs' First Amendment retaliation claims when his complaint did not plead facts plausibly establishing that any Defendant took an adverse action because Stubbs had engaged in protected conduct.

II. Whether the District Court acted within its discretion by dismissing the retaliation claims with prejudice when Stubbs never moved for leave to amend, never submitted a proposed amended complaint, and did not identify a proposed amendment in the District Court that would cure the pleading deficiencies.

## STATEMENT OF THE CASE

### I. Procedural Facts

Mr. Stubbs filed a *pro se* civil rights action under 42 U.S.C. § 1983 against the then-warden of the CCCC, Michelle Henry, and three corrections officers, Harrison, Krotzer, and Jordan. Mr. Stubbs' Complaint stated that "Each defendant is sued individually and in his/her official capacity." R.1, PageID. 3. Mr. Stubbs' Complaint contained allegations of 1) deliberate indifference to medical needs, 2) retaliation for exercising his First Amendment rights by filing grievances, and 3) unsafe conditions of confinement. R.1, PageID. 5-6. Defendant-Appellees filed an Answer denying Mr. Stubbs' allegations. R.13.

Defendant-Appellees filed a motion for judgment on the pleadings on January 23, 2026. R.15. Mr. Stubbs filed a brief in opposition to the motion on February 17, 2026. R.18. Defendant-Appellees filed a reply brief on February 23, 2026. R.19. Also on February 23, 2026, the parties filed their joint Rule 26(F) Report of the Parties. R.21. In the parties' Rule 26(F) report, they agreed upon a March 3, 2026 deadline to add parties or amend the pleadings. R.21, PageID 147. On March 6, 2026, the District Court filed the Case Management Conference Plan Order. R.23. In the Court's Case Management Order, it set the deadline to amend pleadings as March 3, 2026. R.23, PageID 163.

On March 16, 2026, the parties consented to the case being transferred to the docket of the Magistrate Judge Reuben J. Sheperd. R.26. On April 9, 2026, the District Court issued its Order granting Defendant-Appellees' motion for judgment on the pleadings. R.32. The District Court dismissed Mr. Stubbs' claims for deliberate indifference and retaliation with prejudice and dismissed his claim for unsafe conditions without prejudice. R.32, PageID 219-20. Mr. Stubbs subsequently filed a notice of appeal. R. 38. Although Mr. Stubbs filed an appeal following the judgment disposing of his entire case, his opening brief challenges only the dismissal with prejudice of his First Amendment retaliation claims.

## II. Substantive Facts of the Case

The following account distinguishes between the allegations contained in Mr. Stubbs' complaint and the six grievances that the District Court considered because they were referenced in the complaint. Appellees recount those allegations solely for the purposes of reviewing the judgment. Mr. Stubbs' claims arise from his time as a pretrial detainee housed at the Cuyahoga County Corrections Center ("CCCC"). R.1, PageID 1-2. Mr. Stubbs filed his complaint while confined in the Noble Correctional Institution in Caldwell, Ohio. Id.

Mr. Stubbs' complaint alleged three incidents where he was "smashed" in the doorway of his cell at the CCCC by Corrections Officers Harrison, Krotzer, and Jordan. R.1, PageID 3-5. He claims that he was injured and asked for medical

attention after each incident. Id. Mr. Stubbs alleges that he was supposed to receive an x-ray after each incident, but he never received an x-ray. Id. Mr. Stubbs also alleged, "By Plaintiff exercising his first amendment (sic) right of the United States Constitution, he has been retaliated upon by both Krotzer and Harrison, for grievances filed due to their misconduct." R.1, PageID 6. Mr. Stubbs does not allege retaliation against any other defendants. Mr. Stubbs did not attach any grievances to his Complaint, even though they were apparently in his possession, nor did he plead any description of the grievances he claims to have filed which caused the alleged retaliation he claims to have suffered.

Mr. Stubbs attached six Inmate Grievance/Appeal Forms ("grievances") to his brief in opposition to the Defendant-Appellees' motion for judgment on the pleadings. R.18, PageID 121-132. Mr. Stubbs' brief in opposition also contained new factual allegations that were not contained in his complaint. R.18. These allegations included:

- That he was given Tylenol for pain; R.18, PageID 111,
- That after each incident he was given aprin (sic), R.18, PageID 113, and,
- Mr. Stubbs "admits to not writing Jordan up for his misconduct, but also expresses how Stubbs and Jordan weren't seeing eye to eye prior to the incident." R.18, PageID 117.

Defendant-Appellees argued that the District Court should not consider these additional factual allegations nor the documents attached to the brief in opposition.

R.19, PageID 134-35. However, the District Court purported to not consider the new factual allegations in Mr. Stubbs' brief[1] but did consider the attached grievances. R.32, PageID 231-32.[2]

**Grievances**

A chronological list of Mr. Stubbs' grievances attached to his brief in opposition to the motion for judgment on the pleadings is as follows:

| Date of Grievance | Time of Grievance | Subject of Grievance |
|---|---|---|
| March 19, 2024 | 11:14 a.m. | CO Krotzer pushing another inmate. |
| March 20, 2024 | 7:21 a.m. | Unnamed CO closing Stubbs in the door. |
| March 21, 2024 | 8:52 p.m. | Id CO Hanson closing Stubbs in door on 3/20. |
| March 28, 2024 | 10:31 a.m. | CO Krotzer antagonizing inmates. |
| March 29, 2024 | 7:24 a.m. | CO Krotzer closing Stubbs in the door. |
| July 2, 2024 | 9:13 p.m. | CO Jordan closing the door on Stubbs. |

---

[1] Appellees agree with Appellant that, despite stating that the District Court would not consider the new allegations contained in Mr. Stubbs' brief in opposition, it did cite Mr. Stubbs' admission that he did not file a grievance upon Defendant Jordan. R.32, PageID 232. However, the complaint did not name Jordan in the allegations of retaliation, naming only Krotzer and Harrison. *See* R.1, PageID 6. Thus, it appears the District Court's reference to Mr. Stubbs' admission was harmless and its decision was not dependent upon it.

[2] Defendant-Appellees disagree with the District Court's consideration of the grievances, but because they are part of the District Court's decision, they will be included in the facts and argument sections of Defendant-Appellees' brief.

Appellees note that Mr. Stubbs' brief in opposition, R.18, ends at PageID 133, however, Appellant's Brief cites to grievances and PageID numbers in the brief (R.18) beyond PageID 133. Appellees can locate no such grievances or page numbers. Docketed R.18-1 spans PageID 121-132 and R.18-2 ends at PageID 133. The PageID 154-159 cited by Appellant do not appear in R.18.

**<u>CO Harrison</u>**

Mr. Stubbs alleged that on March 19, 2024, CO Harrison smashed him in his cell door. R.1, PageID 3. He claims he asked for medical attention and was at first denied such attention. Id. However, Mr. Stubbs alleges that he was seen by medical about an hour later when they checked his vitals and scheduled an appointment for an x-ray that he claims he did not receive. R.1, PageID 3-4. Regarding this, he stated, "I do believe it happened in retaliation for a grievance/kite I wrote on him for his misconduct." Id. It is not clear from the complaint whether "it" refers to the alleged cell door "smashing," or to Mr. Stubbs not receiving an x-ray.

Mr. Stubbs had <u>not</u> filed a grievance against CO Harrison at the time of the March 19, 2024 alleged cell door incident. At the time of this alleged incident, Mr. Stubbs had only filed a grievance regarding CO Krotzer's behavior towards another inmate. R.1, PageID 131. Mr. Stubbs did not make any factual allegations that the alleged cell door incident on March 19 was related to his grievance against CO Krotzer.

Following the alleged cell door incident on March 19, Mr. Stubbs filed two grievances related to it on March 20 and 21. R.18, PageID 129, 123. He does not allege that CO Harrison engaged in any further actions against him.

**CO Krotzer**

Mr. Stubbs alleged that on March 28, 2024 at 10:55 a.m., CO Krotzer "smashed" him in the cell door. R.1, PageID 4. He alleges he hit his head and became dizzy. He claims he asked for medical and was initially denied. However, he claims he was, in fact, seen by medical following the incident and was scheduled for another x-ray for April 11, 2024. He claims "…the appointment had gotten erased out the system, and I was never given an x-ray." R.1, PageID 4.

Mr. Stubbs had filed a grievance against CO Krotzer on March 19 and 28 that chronologically preceded the alleged cell door incident. R.18, PageID 131, 127. However, Mr. Stubbs does not allege any facts that CO Krotzer knew of the grievances prior to the incident, nor that the incident happened because of the grievances. Following the alleged cell door incident, Mr. Stubbs filed another grievance against CO Krotzer the following day, on March 29. Mr. Stubbs does not allege that CO Krotzer engaged in any further actions against him.

**CO Jordan**

Mr. Stubbs alleged that on July 3, 2024, CO Jordan closed the cell door on him twice. R.1, PageID 4-5. He claims that CO Jordan denied him medical attention.

Mr. Stubbs alleges he then threatened to file a grievance for CO Jordan's conduct and asked for his name, which CO Jordan gave to him. Id. Mr. Stubbs did not file any grievances against CO Jordan prior to this alleged incident. His prior grievances were filed against other officers over three months previous to this alleged incident. R.18, PageID 121-131. Following this alleged incident, Mr. Stubbs filed a grievance about it against CO Jordan on the same day[3]. Id. In response to his July grievance, Mr. Stubbs was seen by medical and an x-ray was scheduled for July 15, 2024. R.1, PageID 4-5. Mr. Stubbs alleges he was in severe pain and could not sleep on his left side. Id.

Mr. Stubbs did not allege retaliation against CO Jordan in his complaint. R.1, PageID 6. Mr. Stubbs does not allege that CO Jordan engaged in any further actions against him.

**Warden Henry**

Mr. Stubbs did not allege retaliation against Warden Henry in his complaint. R.1. Further, Mr. Stubbs did not plead any factual allegations regarding the personal involvement of Warden Henry in any conduct or actions against him.

[3] Mr. Stubbs' complaint alleges the date of this incident as July 3, 2024 but the grievance attached to his brief in opposition to the 12(c) motion is dated July 2, 2024.

## SUMMARY OF THE ARGUMENT

Mr. Stubbs' retaliation claims fail because his complaint does not plead facts supporting a reasonable inference that any Defendant acted because of his protected conduct. Appellees do not dispute that filing a nonfrivolous grievance is protected activity or that intentionally closing a cell door on a detainee could constitute adverse action. The missing element is causation. The complaint does not allege that CO Harrison knew of a particular grievance before the alleged incident, that CO Krotzer learned of an electronic grievance submitted twenty-four minutes before his alleged conduct, or that either officer made a statement or took any other action connecting the incident to Mr. Stubbs's protected activity. The complaint does not allege retaliation by CO Jordan, and the grievance concerning him was filed after the incident. Section 1983 requires a defendant-specific showing of personal conduct and retaliatory motive; the acts and knowledge of separate officers cannot be combined to supply the facts missing as to each individual Defendant.

Neither the grievances attached to Mr. Stubbs's opposition brief, nor the new theories advanced on appeal cure those deficiencies. A party may not amend a complaint through motion briefing, and the grievances themselves do not plausibly establish that any officer knew of protected conduct and acted because of it. Nor does the similarity or timing of the alleged incidents, without supporting allegations of knowledge, threats, coordination, or retaliatory statements, establish causation.

Mr. Stubbs's appellate theories concerning a coordinated campaign and interference with medical treatment depend upon facts and inferences that were not pleaded and were not presented to the District Court in an amended complaint.

The District Court also acted within its discretion in dismissing the retaliation claims with prejudice. Mr. Stubbs never moved for leave to amend, submitted a proposed amended complaint, or identified in the District Court an amendment that would cure the causation deficiency. He received notice of that deficiency through Appellees' motion for judgment on the pleadings, was advised that new assertions in his opposition could not amend his complaint, and nevertheless allowed the parties' agreed deadline for amending the pleadings to pass. Under those circumstances, the District Court was not required to initiate an amendment *sua sponte* or make a futility determination concerning a hypothetical pleading. Appellate counsel's new factual narrative cannot substitute for an amendment that Mr. Stubbs never sought below. The District Court's judgment should therefore be affirmed.

## ARGUMENT

"The standard of review for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6)." *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001), *citing Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires factual allegations permitting the court to draw a reasonable inference that the defendant is liable for the alleged misconduct; allegations that are merely consistent with liability or suggest only the possibility of misconduct are insufficient. *Id.* at 678–79. Although well-pleaded factual allegations must be accepted as true, that presumption does not extend to legal conclusions, "[t]hreadbare recitals of the elements of a cause of action," or conclusory statements. *Id.* at 678. The complaint's factual allegations must therefore raise the asserted right to relief "above the speculative level," *Twombly*, 550 U.S. at 555, and determining whether they do so is a context-specific inquiry informed by the court's "judicial experience and common sense," *Iqbal*, 556 U.S. at 679.

Although Mr. Stubbs's *pro se* complaint must be liberally construed, liberal construction does not permit a court to supply missing factual allegations, infer a defendant's knowledge without supporting facts, or treat assertions in a response brief as amendments to the complaint. *See Lucas v. Chalk*, 785 F. App'x 288, 290 (6th Cir. 2019). Pro se litigants remain subject to the requirement that a complaint contain sufficient factual matter to state a plausible claim.

Mr. Stubbs's opening brief challenges only the dismissal with prejudice of his First Amendment retaliation claims against COs Harrison, Krotzer, and Jordan. *Appellant's Br*. 4, 53-54. He presents no developed argument challenging the dismissal of his deliberate-indifference claim, unsafe-conditions claim, individual-capacity claims against former Warden Henry, or official-capacity claims. Any challenge to those portions of the judgment has therefore been forfeited. *See Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019) ("In this Circuit, an appellant forfeits an argument that he fails to raise in his opening brief."). Those portions of the District Court's judgment should remain undisturbed.

## I. <u>Appellant did not sufficiently plead facts to state a claim for retaliation.</u>

"A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Kennedy v. City of Villa Hills*, 635 F.3d 210, 217-218 (6th Cir. 2011), quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "A 'motivating factor' is essentially but--for cause—'without which the action being challenged simply would not have been taken.'" *Leonard v. Robinson*, 477 F.3d 347, 355 (6th Cir. 2007), quoting *Greene v. Barber*, 310 F.3d 889, at 897 (6th Cir. 2002). Mr.

Stubbs did not allege facts showing a causal connection between his submitting grievances and the alleged cell door incidents.

Appellant cites *National Rifle Association of America v. Vullo*, 602 U.S. 175 (2024) for the proposition that this Court "evaluates First Amendment retaliation claims as a whole taking the entire course of retaliation together rather than examining each act or allegation in isolation." *Appellant Brief* at 17. *Vullo* involved a claim that the government violated the First Amendment through coercion of a third party. *Id.* at 191. However, Appellant reads *Vullo* too broadly. *Vullo* did not establish that courts must aggregate every act allegedly committed by multiple defendants into a single "course of retaliation." Rather, the Court considered several related actions attributable to one government official—including her private meeting with regulated entities, official guidance letters, public statements, and her enforcement authority—to determine whether her conduct, viewed in context, plausibly conveyed a coercive threat intended to suppress the NRA's advocacy. *Id.* at 193–95. That application of ordinary pleading principles did not dispense with any element of a retaliation claim or permit the conduct and motives of separate defendants to be combined.

To the contrary, § 1983 requires a plaintiff to allege facts demonstrating what each defendant personally did to violate the Constitution. *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011). Thus, although related factual

allegations may be considered together as context, Mr. Stubbs was still required to plead facts supporting a reasonable inference that each individual Defendant knew of protected conduct and took the challenged action because of that conduct. *Thaddeus-X*, 175 F.3d at 394. Conduct attributed to one officer cannot establish another officer's retaliatory motive absent factual allegations of shared knowledge, coordination, or participation. *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Circ. 2019). Nor, logically, can viewing the allegations collectively make a grievance filed after an alleged adverse action a cause of that earlier action. *Vullo* therefore does not cure the Complaint's failure to plead a defendant-specific causal connection between Stubbs's protected activity and each allegedly retaliatory act.

**A. Stubbs engaged in protected conduct, but the Complaint does not plausibly allege that each Defendant acted because of that conduct.**

Appellees do not dispute that filing a nonfrivolous grievance constitutes protected conduct, nor do they contend that the protected grievance must have been directed at the particular officer who allegedly retaliated. See *Hardrick v. Huss*, 155 F.4th 518, 526 (6th Cir. 2025); *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007). Those principles satisfy only the first element of a retaliation claim, however. Mr. Stubbs was still required to plausibly allege that each Defendant knew of his protected conduct and took the challenged action because of it. See *Hardrick*, 155 F.4th at 527–28; *Thomas*, 481 F.3d at 441–42. In *Hardrick*, the warden expressly linked her refusal to assist the plaintiff to his grievances, and in *Thomas*, the officer

allegedly stated that she would "teach [the plaintiff] a lesson" for filing a grievance against another officer. *Hardrick* at 527, *Thomas* at 436. In the present case, no comparable allegation connects any defendant's conduct to Mr. Stubbs's earlier grievances against CO Harrison or CO Krotzer. The complaint failed to plausibly allege the required causal connection.

**B. Adverse action**

For purposes of this appeal, Appellees do not dispute that intentionally closing a cell door on a detainee, if proven, could constitute an adverse action. The District Court likewise assumed that Stubbs satisfied the adverse-action element. R.32, PageID.232. The dispositive issue is whether the Complaint plausibly alleges that each Defendant acted because of Stubbs's protected conduct.

**C. Stubbs did not plausibly allege that any individual appellee acted because of Stubbs' protected conduct.**

Assuming that Mr. Stubbs engaged in protected conduct and suffered adverse action, his retaliation claims nevertheless fail because the complaint does not plausibly allege that any particular Defendant acted because of Mr. Stubbs's grievances. A plaintiff must plead facts supporting a reasonable inference of retaliatory motive; conclusory allegations "unsupported by material facts" are insufficient. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). Moreover, liability under § 1983 must be evaluated individually. A plaintiff must offer facts to support a reasonable inference that a defendant individually took action against her

in response to protected speech and may not aggregate the acts, knowledge, and intentions of several officials, because "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for retaliation." *Boxill*, 935 F.3d at 518.

**<u>CO Harrison</u>**

Mr. Stubbs did not plausibly allege causation as to CO Harrison. The grievance filed earlier on March 19 concerned CO Krotzer, not CO Harrison, and neither the complaint nor the grievance materials allege that CO Harrison knew about it. Although the complaint states Mr. Stubbs's belief that CO Harrison acted because of a "grievance/kite" Stubbs had written about him, R.1, PageID.4, it supplies no date, content, recipient, or facts showing CO Harrison's knowledge of that communication before the incident. *See Dibiase v. Lake Cty. Det. Facility*, N.D. Ohio No 1:12-CV-0944, 2012 U.S. Dist. LEXIS 104600 at *16-17 (July 25, 2012) ("Plaintiff failed to state a claim for retaliation where he did not provide any factual allegations regarding the nature, content, or timing of grievances against corrections officers). The grievances specifically describing CO Harrison's conduct were created after the incident and therefore could not have caused it. CO Harrison's alleged refusal afterward to provide his name likewise does not establish that the already-completed incident was motivated by earlier protected conduct.

**<u>CO Krotzer</u>**

The claim against CO Krotzer fails for the same essential reason. Although a grievance concerning CO Krotzer was submitted twenty-four minutes before the incident, nothing in the complaint or grievance materials alleges that CO Krotzer received, reviewed, or learned of that electronic grievance during those twenty-four minutes.

Temporal proximity may provide circumstantial support for causation, but the Sixth Circuit has been reluctant to infer retaliatory motive from timing alone. *Hill v. Lappin*, 630 F.3d 468, 475–76 (6th Cir. 2010); *Mustin v. Wainwright*, No. 23-3671, 2024 WL 3950810, at *25 (6th Cir., Aug. 27, 2024). Here, the Complaint did not allege that the respective CO knew of the grievance before the alleged adverse action, nor did it allege a threat, statement, disparate treatment, coordination among the officers, or any other fact connecting the grievance to the officer's subjective motivation. The mere sequence of a grievance followed by an allegedly adverse act therefore does not, without more, plausibly establish that the latter occurred because of the former. Without an allegation of knowledge, the timing does not plausibly establish that the grievance motivated CO Krotzer's conduct.

Mr. Stubbs's statement in a grievance filed after the second incident that he believed the incidents were retaliatory records his conclusion, not facts establishing the officers' knowledge or motivation. R.18, PageID 125. Repetition of the ultimate

conclusion of retaliation in a grievance does not transform that conclusion into a factual allegation supporting causation.

**<u>CO Jordan</u>**

Nor did Mr. Stubbs plead a retaliation claim against CO Jordan. The complaint's retaliation allegation identifies only CO Krotzer and CO Harrison. R.1, PageID.6. The grievance concerning CO Jordan was submitted after the Jordan incident. R.18, PageID 121. Earlier grievances against other officers could theoretically constitute protected conduct, but the complaint alleges no facts showing that CO Jordan knew about those grievances or acted over three months later because of them. *See Boxill*, 935 F.3d at 518. The judgment as to CO Jordan may therefore be affirmed on this alternative ground. *See Golf Vill. N., LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021).

**i. Mr. Stubbs' new theories on appeal do not establish causation.**

Mr. Stubbs's newly asserted theory of a coordinated campaign among corrections officers does not cure the deficiencies in his complaint. *Appellant's Br.* at 30-32. The fact that three different officers allegedly closed cell doors on Mr. Stubbs does not itself establish that they shared knowledge, communicated with one another, or agreed upon a retaliatory course of action. The complaint alleges no meeting, conversation, instruction, common decision, or other factual link among them. Similarity among the incidents may be consistent with Mr. Stubbs's theory,

but it does not make coordination plausible where the pleading supplies no facts connecting the officers. *See Iqbal*, 556 U.S. 662, 678–79 (2009); *Boxill*, 935 F.3d at 518.

The medical allegations are equally insufficient to establish causation. *Appellant's Br.* at 32-34. The complaint does not allege that COs Harrison, Krotzer, or Jordan scheduled, controlled, cancelled, or deleted an x-ray appointment. Nor does it allege that any Defendant communicated with medical personnel or had access to the appointment system. The appellate theory that Defendants blocked the x-rays to prevent documentation of Mr. Stubbs's injuries thus rests on speculation layered upon speculation.

Appellant's reliance on *O'Brien v. Michigan Department of Corrections*, 592 F. App'x 338 (6th Cir. 2014), is misplaced. *O'Brien* principally establishes that delaying medical treatment or discontinuing medication may constitute an adverse action. *Id.* at 343. It does not hold that the mere occurrence of allegedly inadequate medical care after the filing of a grievance, without more, plausibly establishes retaliatory motive. Indeed, the plaintiff in *O'Brien* alleged that the medical providers against whom he had complained subsequently altered or delayed his treatment and that one provider threatened and intimidated him in an effort to make him abandon the medical-care issue. *Id*. at 343-44. Those allegations supplied a connection that chronology alone does not. Consistent with that distinction, this Court subsequently

cited *O'Brien* when addressing adverse action but held that a retaliation claim nevertheless failed on causation because "timing rarely suffices by itself to show causation." *Vartinelli v. Aramark Corr. Servs., LLC*, 796 F. App'x 867, 871-72 (6th Cir. 2019) (citing *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001)).

**ii. The authorities upon which Mr. Stubbs relies involve concrete allegations or evidence linking challenged actions to protected conduct.**

In *Muhammad*, the record included an affidavit recounting officers' statements about taking actions to stop the plaintiff's appeal. *Muhammad v. Close*, 379 F.3d 413, 417–18 (6th Cir. 2004). No such statements were pled in the present case.

*Griffin* does not establish that temporal proximity, standing alone, is sufficient to show causation. *Griffin v. Berghuis*, 563 F. App'x 411, 414 (6th Cir. 2014). That case arose at summary judgment and involved a developed evidentiary record containing substantial evidence of retaliatory motive. After Griffin participated as a witness in an investigation of CO Condon, Condon allegedly warned him that his statement to the investigator "would only come back to bite [him] in the ass." *Id*. at 413-14. Two other inmates stated that they heard Condon and two other COs complain that they were "tired of Griffin trying to change things" and agree to file false misconduct charges against him. *Id*. A CO then allegedly issued a knowingly false misconduct charge the following day. *Id*. at 420-21.

In finding a genuine dispute concerning causation, the Court relied on this "confluence of circumstances" and emphasized both "the close temporal link and Condon's warning" concerning Griffin's protected testimony. *Id*. at 420–21. Here, Mr. Stubbs' Complaint contains no comparable allegation that CO Harrison or CO Krotzer acknowledged a grievance, threatened consequences for filing one, agreed with another CO to retaliate, or even knew of a particular grievance before the alleged incidents. Thus, *Griffin* illustrates the type of defendant-specific facts supporting a reasonable inference of retaliatory motive that are absent from Mr. Stubbs' complaint.

*Howard* and *Paterek* involved continuing actions by actors who were alleged or shown to know of the plaintiffs' protected speech, together with additional evidence of escalating animus. *Howard v. Livingston County*, No. 21-1689, 2023 FED App. 0048N, 2023 U.S. App. LEXIS 1540, at *3-5 (6th Cir. Jan. 20, 2023); *Paterek v. Village of Armada*, 801 F.3d 630, 647–48 (6th Cir. 2015). Those cases demonstrate what is absent here: facts showing that each alleged retaliator knew about the protected conduct and acted because of it.

### D. The Court should not consider the grievances attached to Mr. Stubbs' brief in opposition to the motion for judgment on the pleadings.

This Court should not consider facts and allegations that appeared for the first time in Mr. Stubbs' brief in opposition to Defendant-Appellees' motion for judgment on the pleadings. As this Court stated in *Bates v. Green Farms Condo. Ass'n.*, 958

F.3d 470, "Yet it is black-letter law that, with a few irrelevant exceptions, a court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus only on the allegations in the pleadings." *Bates* at 483, *citing, Ross v. PennyMac Loan Servs. LLC*, 761 F. App'x 491, 494 (6th Cir. 2019); *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 698 (6th Cir. 2018); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012); 5B Charles A. Wright et al., *Federal Practice and Procedure* § 1357, at 375-76 (3d ed. 2004); 5C Charles A. Wright et al., *Federal Practice and Procedure* § 1368, at 238, 242 (3d ed. 2004).

In the present case, Appellant relies almost exclusively upon the grievances that Mr. Stubbs attached to his brief in opposition to the motion for judgment on the pleadings. The District Court noted the *Bates* decision, but stated:

> While this Court cannot consider additional facts, *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020), '[d]ocuments attached to a Rule 12 motion are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim.' *Eastman v. Cincinnati Musicians Ass'n, Loc. No. 1*, 151 F. App'x 414, 416 (6th Cir. 2005) (cleaned up) (considering a CBA that was not attached to an amended complaint but repeatedly referenced). The grievances Stubbs attaches to his opposition brief were referenced in his Complaint and central to his claim for retaliation. (ECF Doc. 1, ¶¶ 10, 15). Thus, the Court will consider the grievances, but not the additional facts Stubbs adds in his brief in opposition.

R.32, PageID 231-32. The District Court cited the *Eastman* decision, which factually involved a Collective Bargaining Agreement ("CBA") being attached to a brief in response to a motion for judgment on the pleadings that was referenced in, but not attached to, the complaint. *Id.* However, the present case does not involve a contract such as a CBA. The grievances contain dates, times, and substantive factual information. That information belongs in the pleadings if it is to be considered.

Mr. Stubbs could have attached the grievances to his complaint in the first instance. He could have described the dates, times, and content of the grievances in his complaint, or he could have sought to file an amended complaint. He did none of those things.

As this Court noted in *Bates*:

> This rule applies just as much when the plaintiff attaches evidence to its opposition as when (as is more common) the defendant attaches evidence to its motion. *Cf.* 5C Wright, *supra*, § 1366, at 150, 155-56. "The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2], LEXIS (database updated 2020).
>
> If plaintiffs believe that they need to supplement their complaint with additional facts to withstand a motion for judgment on the pleadings (or a motion to dismiss), they have a readily available tool: a motion to amend the complaint under Rule 15. *See* Fed. R. Civ. P. 15(a). Plaintiffs cannot, by contrast, amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the

> complaint. *See, e.g., Robbins v. New Cingular Wireless* PCS, LLC, 854 F.3d 315, 322 (6th Cir. 2017); *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014); *Heinrich*, 668 F.3d at 405. 'If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint.' *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993). Because the Bateses did not file a motion to amend (or even request an opportunity to do so), the district court could properly disregard the new evidence.

*Bates*, 958 F.3d 483-484. Mr. Stubbs' failure to properly plead facts should not be cured by consideration of extraneous documents attached to his brief in opposition and not in his pleadings. Defendant-Appellees filed their motion for judgment on the pleadings on January 23, 2026. R. 15. Mr. Stubbs had until March 3, 2026, to amend his complaint and attach or otherwise use the grievances, but failed to do so. They should not now be used to reconstitute his complaint in order to save it from a properly granted motion for judgment on the pleadings.

## II. **The District Court did not abuse its discretion by dismissing Mr. Stubbs' retaliation claims with prejudice because he never sought leave to amend or submitted a proposed amended complaint.**

Mr. Stubbs' argument begins from a mistaken premise: the District Court was not required to make an express finding that amendment would be futile before dismissing the retaliation claims with prejudice. The District Court did not deny a motion for leave to amend because Mr. Stubbs never filed one, never tendered a proposed amended complaint, and never identified for the District Court the

allegations he proposed to add. The Sixth Circuit's default rule is that, "if a party does not file a motion to amend or a proposed amended complaint" in the district court, "it is not an abuse of discretion for the district court to dismiss the claims with prejudice." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 844 (6th Cir. 2012) (quotation omitted). Because "it is not the district court's role to initiate amendments," *Id*. quoting *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008). The District Court had no obligation to hypothesize an amendment and determine whether that hypothetical pleading would be futile.

Nor was the dismissal order Mr. Stubbs' first notice that his complaint was deficient. Defendant-Appellees' January 23, 2026 motion expressly argued that Mr. Stubbs' complaint failed to allege facts connecting Mr. Stubbs' grievances to the allegedly retaliatory conduct. R.15, PageID 90-91. After Mr. Stubbs attempted to rely on new allegations and grievances in opposition, Defendant-Appellees argued and cited legal authority in its reply that a complaint cannot be amended through motion briefing. R.19, PageID.134–35. Mr. Stubbs nevertheless allowed the parties' agreed March 3 amendment deadline to pass without moving for leave, submitting a proposed amendment, or seeking additional time. The District Court did not enter judgment until April 9, more than two months after the pleading deficiencies had been identified. R.32.

Mr. Stubbs' reliance on *Morse* and *Parchman* is misplaced because both cases concerned the denial of motion to amend that was actually presented to the district court. *Appellant's Br.* 43. *See Morse v. McWhorter*, 290 F.3d 795, 799–800 (6th Cir. 2002); *Parchman v. SLM Corp.*, 896 F.3d 728, 735–37 (6th Cir. 2018). Those decisions require an adequate explanation when a court exercises its discretion to deny a properly presented request; they do not require a futility analysis where, as here, no request or proposed amendment was ever submitted.

Appellant's reliance on *Newberry v. Silverman*, 789 F.3d 636 (6th Cir. 2015), is misplaced. *Appellant's Br.* 15, 41, 48. In *Newberry*, the district court erroneously concluded that the plaintiff's fraud claim was barred by Ohio's statute of repose regardless of how it was pleaded. *Id*. at 642–45. Moreover, the plaintiff had submitted a ten-page affidavit with his opposition containing substantially more detailed allegations and affirmatively demonstrating a reasonable probability that amendment would satisfy Rule 9(b). *Id*. at 645–46. It was under those circumstances that this Court concluded that the plaintiff should have received an opportunity to amend. *Id*.

This Court subsequently distinguished *Newberry* on precisely that basis. *United States ex rel. Harper v. Muskingum Watershed Conservancy District*, 739 F. App'x 330, 335–36 (6th Cir. 2018). *Harper* explained that a district court does not abuse its discretion by declining to grant leave where the plaintiff neither seeks leave

nor submits a proposed amendment permitting the court to determine whether amendment is warranted. *Id*.; see also *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551–52 (6th Cir. 2008).

Unlike the plaintiff in *Newberry*, Mr. Stubbs was placed on notice of the pleading deficiency before judgment. Nevertheless, he neither amended his complaint nor sought leave to do so before the District Court entered judgment on April 9. Nor did his opposition contain the materially different allegations that appellate counsel now proposes to add. Because no motion or proposed amended complaint was presented, the District Court was not required to speculate about allegations Mr. Stubbs might later assert or to grant *sua sponte* relief that he never requested.

Appellant's reliance on *United States ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634 (6th Cir. 2003), is misplaced. *Appellant's Br*. 43 ("The law requires the court to give Mr. Stubbs 'at least one chance to amend.'"). Although *Bledsoe* stated that a plaintiff should receive "at least one chance to amend" where "a more carefully drafted complaint might state a claim," *Id*. at 644, the Sixth Circuit has subsequently characterized *Bledsoe* as "an unusual case." *Ohio Police & Fire Pension Fund*, 700 F.3d at 844. In *Bledsoe*, the district court's dismissal order provided the relator his first definitive notice that the previously unsettled heightened pleading standard of Rule 9(b) applied, and the existing record indicated

that he possessed additional information capable of satisfying that standard. *Id.* at 644–45. No comparable circumstances exist here.

**A. There is no established right to *sua sponte* leave to amend a complaint.**

The case decisions involving *pro se* plaintiffs cited by Mr. Stubbs do not establish a right to *sua sponte* leave to amend. *Appellant's Br.* 44-48. Mr. Stubbs relies on several decisions remanding cases to afford *pro se* plaintiffs an opportunity to amend even though they had not requested leave in the district court. *Appellant's Br*. 44–48. Those decisions do not establish a categorical rule requiring a district court to grant *sua sponte* leave whenever it dismisses a *pro se* complaint. Rather, they involved unusual circumstances in which the complaint was dismissed without adversarial briefing, the defect was highly technical, or information already before the court made it clear that amendment would produce a viable claim. None involved a plaintiff who received specific notice of the pleading deficiency through a dispositive motion, attempted to supply new facts in opposition, was informed that those facts could not amend his complaint, and nevertheless allowed an agreed amendment deadline to pass without seeking leave.

In *Brown v. Matauszak*, the Sixth Circuit expressly recognized that "[t]here is currently no rule of law in this circuit that requires a district court, sua sponte, to give a *pro se* plaintiff leave to amend his complaint absent a request." 415 F. App'x 608, 614–16 (6th Cir. 2011). Although the Court ultimately remanded, it emphasized

that such relief was not "appropriate or necessary in all, or even most, cases." *Id*. at 616. *Brown* instead presented "unique circumstances": a sixty-one-page filing from the underlying state-court proceeding demonstrated that the plaintiff possessed the precise information needed to cure the complaint's unusual "case within a case" pleading defect. *Id*. at 609, 613–16. The court therefore found it "very clear" from materials already in the record that amendment would state a claim. *Id*. at 616. Mr. Stubbs identifies no comparable material properly before the District Court establishing that he could plead a causal connection between a particular grievance and the conduct of a particular CO. His reliance on *Brown* therefore omits the limitations the decision placed on its own holding.

*Berndt v. Tennessee* is similarly distinguishable. *See Appellant's Br*. 45. There, a *pro se* plaintiff alleged serious constitutional violations by employees of a state mental-health institution but mistakenly named only the State and the institution, both of which were immune under the Eleventh Amendment. 796 F.2d 879, 881–84 (6th Cir. 1986). The allegations themselves identified institutional staff as the persons who had committed the challenged acts, making the defect primarily one of naming the proper defendants. *Id*. at 882–84. Even then, the Sixth Circuit stated that "[t]here is currently no rule of law in this circuit" requiring sua sponte leave and declined to suggest that remand would be appropriate whenever a *pro se* plaintiff failed to request amendment. *Id*. at 882–83. Unlike *Berndt*, the present case does not

involve merely substituting proper defendants for immune entities. Mr. Stubbs named the individual COs and expressly sued them in their individual and official capacities, R.1, PageID.3, but failed to allege facts plausibly connecting their conduct to his protected activity.

*Rashada v. Flegel* also arose in a materially different posture. *See Appellant's Br*. 45, 47–48. The district court screened the complaint *sua sponte* under the Prison Litigation Reform Act ("PLRA") and dismissed it before service upon the defendants. *Rashada*, No. 23-1674, 2024 FED App. 0147N, 2024 U.S. App. LEXIS 7883, at *1–2 (6th Cir., Apr. 1, 2024). Moreover, the defect was the *pro se* plaintiff's response to a form asking whether he was suing the officers in their official or personal capacities. *Id*. at *1–4. The district court acknowledged that the factual allegations otherwise stated a plausible excessive-force claim and that the claim would have survived screening had the officers been named in their individual capacities. *Id*. at *2, *5. Amendment therefore required only correction of a technical capacity designation. Here, Mr. Stubbs properly designated the capacities in which he sued the COs; what was missing were factual allegations establishing an essential element of his retaliation claims.

Mr. Stubbs' reliance on *Bass v. Keebaugh* is also misplaced. *See Appellant's Br*. 47. *Bass* arose from the district court's preliminary screening of a prisoner's complaint under the PLRA. No. 24-1780, 2025 FED App. 0475N, 2025 U.S. App.

LEXIS 27158, at *1–2 (6th Cir. Oct. 17, 2025). The district court dismissed the complaint *sua sponte* and with prejudice before service; consequently, the defendants never appeared, no motion identified the complaint's deficiencies, and Bass had no opportunity to respond to those deficiencies before judgment. *Id*. Here, the District Court did not dismiss Mr. Stubbs' complaint *sua sponte* or during preliminary screening. Defendant-Appellees answered the complaint and then filed a Rule 12(c) motion specifically identifying the absence of allegations establishing causation. R.15, PageID 90-91. Mr. Stubbs responded to that motion and attempted to rely upon additional allegations and documents not contained in his complaint. R.18. Defendant-Appellees' reply argued that those materials could not amend the complaint, R.19, PageID.134–35, and the parties subsequently proposed a March 3 deadline for amending the pleadings. R.21, PageID.147.

Despite this notice and opportunity, Mr. Stubbs never moved for leave to amend, submitted a proposed amended complaint, or sought additional time to do so. The concerns underlying the pre-service screening decision in *Bass* therefore are not present here. Moreover, as an unpublished decision, *Bass* does not displace the Sixth Circuit's published default rule.

These unpublished and fact-specific decisions do not displace the Sixth Circuit's published default rule: when a plaintiff files neither a motion to amend nor a proposed amended complaint, the district court does not abuse its discretion by

dismissing deficient claims with prejudice. *Ohio Police & Fire Pension Fund, 700 F.3d 829, 844.* The special concern associated with dismissing a *pro se* complaint *sua sponte*, before the plaintiff receives notice of its deficiencies, is absent here. The District Court was not required to initiate an amendment that Mr. Stubbs himself never requested.

**B. Appellant's new factual narrative is outside the record and does not justify remand for an amendment to the complaint that Mr. Stubbs never sought.**

Mr. Stubbs contends that this Court recognizes a "narrow exception" permitting appellate counsel to present new factual representations to demonstrate that a formerly *pro se* plaintiff could cure a deficient complaint. *Appellant's Br.* at 49. That characterization conflates two distinct questions. In reviewing the judgment on the pleadings, this Court is limited to the allegations properly before the District Court. Fed. R. App. P. 10(a); *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003) (explaining that the appellate record may be corrected to reflect what was before the district court, but may not be enlarged with new evidence); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003). Accordingly, factual details presented in briefs are not a substitute for allegations in a pleading. *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020); *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). That rule applies equally to factual assertions first presented by counsel on appeal. *See Lonergan v.*

*Gallagher Sharp, LLP*, No. 25-3808, 2026 FED App. 0245N, 2026 U.S. App. LEXIS 15547, at *5–7 (6th Cir. May 29, 2026).

Neither *Lucas v. Chalk* nor *Brown v. Matauszak* creates a general exception to that rule. *Appellant's Br.* 49. In *Lucas*, the district court screened the prisoner's complaint *sua sponte* under the PLRA and expressly denied leave to amend because it concluded that any amendment would be futile. 785 F. App'x at 289–91.The Sixth Circuit first held that the complaint as written failed to state a claim and emphasized that a court may not "fill in missing allegations" for a *pro se* litigant. *Id.* at 290. Only when reviewing the District Court's express futility determination did the Court consider appellate counsel's identification of a single omitted fact that would have cured the claim. *Id.* at 290–91. Here, by contrast, the District Court made no futility determination because Mr. Stubbs never requested leave to amend or presented a proposed amendment for the Court to evaluate.

*Brown* likewise arose under unusual circumstances not present here. There, a sixty-one-page memorandum filed in a related state-court proceeding—and subject to judicial notice—demonstrated that the plaintiff possessed the precise information necessary to cure the unusual "case within a case" pleading requirement applicable to his denial-of-access claim. 415 F. App'x 608, 614–16 (6th Cir. 2011). The Court repeatedly described the circumstances as "unique," recognized that no Sixth Circuit rule ordinarily requires a district court to grant unrequested leave to amend, and

cautioned that such a remand is not appropriate "in all, or even most, cases." *Id.* at 615–16. Unlike the judicially noticeable court filing in *Brown*, the factual narrative on pages 50 through 52 of Mr. Stubbs' brief consists of appellate counsel's new representations concerning alleged oral grievances, conversations, threats, personal relationships among the COs, a purported logbook entry, and an alleged coordinated-retaliation theory. Those matters were not pleaded, were not presented in a proposed amended complaint, and were never evaluated by the District Court.

The procedural history further distinguishes this case. Appellees' motion for judgment on the pleadings specifically placed Mr. Stubbs on notice that his complaint lacked facts establishing a causal connection between his grievances and the alleged adverse actions. R.15, PageID 90-91. In their reply, Appellees also argued that new assertions contained in Mr. Stubbs' opposition could not amend his complaint. R.19, PageID.134–35. Nevertheless, Mr. Stubbs neither amended his complaint nor sought leave to do so. Instead, after briefing the dispositive motion, he allowed a March 3, 2026 deadline for amending the pleadings to pass. R.21, PageID.147. That deadline passed more than a month before the District Court entered judgment, yet Mr. Stubbs filed no motion for leave and supplied no proposed amended complaint.

Under the Sixth Circuit's default rule, "if a party does not file a motion to amend or a proposed amended complaint" in the district court, dismissal with

prejudice is not an abuse of discretion. *Ohio Police & Fire Pension Fund*, 700 F.3d 829, 844. "[I]t is not the district court's role to initiate amendments," particularly when the plaintiff had notice of the asserted defects and an opportunity to respond. *Id.*; *Total Benefits Planning Agency, Inc.*, 552 F.3d 430, 438. Indeed, *Lonergan* recently affirmed a Rule 12(c) dismissal where the plaintiff failed to file a formal motion or proposed amended complaint despite having months to do so, and it declined to consider additional material first identified on appeal. *Lonergan* at *13, 15-19.

Finally, appellate counsel's statement that Mr. Stubbs "could add" numerous facts "including but not limited to" those described in the brief is not the functional equivalent of a proposed amended complaint. *Appellant's Br*. 50–52. It does not provide a settled pleading identifying which facts support which claim against which CO, and it would require this Court to determine the sufficiency of claims that were never presented to or considered by the District Court. Mr. Stubbs had notice of the pleading deficiencies, possessed the relevant factual information, agreed to a deadline for amendment, and permitted that deadline to pass without seeking relief. *Lucas* and *Brown* do not require the Court to disregard that procedural history and permit Mr. Stubbs to begin pleading his case anew on appeal.

## CONCLUSION

For the foregoing reasons, Defendant-Appellees respectfully request that this Court affirm the District Court's judgment dismissing Mr. Stubbs's First Amendment retaliation claims with prejudice and deny his request for a remand with leave to amend. Because Mr. Stubbs has not challenged the District Court's disposition of his remaining claims, those portions of the judgment should remain undisturbed.

Dated: September 11, 2026

Respectfully submitted,

Michael C. O'Malley, Prosecuting Attorney of Cuyahoga County, Ohio

By: /s/ *Paul M. Shipp*

Paul M. Shipp (0080794)
PShipp@prosecutor.cuyahogacounty.us
Assistant Cuyahoga County Prosecutor
Cuyahoga County Prosecutor's Office
The Justice Center, Courts Tower
1200 Ontario St., 8th Floor
Cleveland, OH 44113
Phone: (216) 443-7813
Fax: (216) 443-7602

*Counsel for Defendants-Appellees*

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)**

1. This Brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure and Circuit Rule 32(b) because, according to the word count function of Microsoft Word 2026, the Brief contains 8,296 words excluding the parts of the Brief exempted by Rule 32(f) of the Federal Rules of Appellate Procedure.

2. This Brief complies with the typeface and type style requirements of Rule 32(a)(5) and (6) of the Federal Rules of Appellate Procedure and Circuit Rule 32(b) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word 2026 in a 14-point Times New Roman font for the main text and footnotes.

Dated: September 11, 2026

/s/ *Paul M. Shipp*
Paul M. Shipp (0080794)

## CERTIFICATE OF SERVICE

I, Paul M. Shipp, hereby certify that on September 11, 2026, I electronically filed the foregoing Brief with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: September 11, 2026

/s/ *Paul M. Shipp*
Paul M. Shipp (0080794)

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

**United States District Court for the Northern District of Ohio,**

**Case No. 1:25-cv-02203-RJS**

| **Docket Number** | **Description** | **Page ID** |
|---|---|---|
| 1 | Complaint | 1-7 |
| 13 | Answer | 72-76 |
| 15 | 12(c) Motion | 78-93 |
| 18 | Brief in Opposition to 12(c) Motion | 149-153 |
| 18-1 | Grievances | 154-159 |
| 19 | Defendant's Reply Brief | 134-140 |
| 21 | Rule 26(F) Report of the Parties | 144-148 |
| 23 | Case Management Plan Order | 162-168 |
| 26 | Consent to Magistrate Judge | 176 |
| 32 | District Court Opinion & Order | 219-240 |
| 38 | Notice of Appeal | 279-282 |